Jeffrey PRICE, Petitioner–Appellant,

v.

Tom L. CAREY, Respondent–Appellee.

No. 06–15589.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 5, 2006.

Filed Dec. 28, 2006.

Margaret J. Littlefield, Esq., Law Office of Michael Satris, Bolinas, CA, for Petitioner–Appellant.

Robert C. Cross, Jennifer A. Neill, Esq., AGCA–Office of the California Attorney General, Sacramento, CA, for Respondent–Appellee.

Before: T.G. NELSON, GOULD, and CALLAHAN, Circuit Judges.

## MEMORANDUM *

Jeffrey Price appeals the district court's denial of his 28 U.S.C. § 2254 petition as moot. He also seeks judicial notice of two decisions by the California Board of Prison Terms and one by the Governor as well as certain materials relating to those decisions. We have jurisdiction under 28 U.S.C. § 2253. We reverse the district court's mootness decision, grant the request for judicial notice, and remand.

■ Judicial notice is appropriate.[1] The Board's and the Governor's 2004 decisions are necessary to complete the record because the district court relied upon them. The 2005 Board decision bears directly on the central issue on appeal and relates to our jurisdiction.[2] Accordingly, we grant Price's request for judicial notice.

■ As the Board's 2005 decision denying a parole date illustrates, the 1999 decision that Price challenges in his petition is capable of repetition yet evading review. Regardless of the Board's and the Governor's decisions in 2004, "there is a reasonable expectation that the same complaining party [Price] will be subject to the same action again."[3] We therefore reverse the district court's mootness determination.

We agree with the district court that Price has not exhausted his separate claims against the Governor. In light of our conclusion regarding mootness, we remand to allow the district court to consider staying and abeying the instant petition in order to allow Price to exhaust those claims before the California Supreme Court. Alternatively, the district court may wish to reconsider whether exhaustion would be futile in this case.

REQUEST FOR JUDICIAL NOTICE GRANTED; DISMISSAL OF PETITION REVERSED AND CASE REMANDED FOR FURTHER PROCEEDINGS.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. *Biggs v. Terhune,* 334 F.3d 910, 915 n. 3 (9th Cir.2003) (granting judicial notice of materials from a proceeding of the Board of Prison Terms).

2. *See Gator.Com Corp. v. L.L. Bean, Inc.,* 398 F.3d 1125, 1128–29 (9th Cir.2005) (noting that constitutional mootness deprives a court of jurisdiction).

3. *Hubbart v. Knapp,* 379 F.3d 773, 777 (9th Cir.2004) (quoting *Spencer v. Kemna,* 523 U.S. 1, 17, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998)) (brackets and internal quotation marks omitted).